UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

--------------------------------------------------------------- x
EVENS CLAUDE,                                                    :
                                                                :
                                    Plaintiff,                  :
                                                                :
        -against-                                               :      **ORDER ON MOTIONS**
                                                                :      **TO DISMISS**
ANGELA DUKATE, *et al.*                                         :
                                                                :      3:24-CV-01289 (VDO)
                                    Defendants.                 :
--------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Evens Claude was formerly incarcerated at the Danbury Federal Correctional Institution ("FCI") of the Bureau of Prisons ("BOP").[1] He filed this civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").[2] In his original complaint, Plaintiff sued FCI Danbury Warden Stover, Captain Smith, Health Administrator Dukate, and Optometrist Thomas Wagner for damages.[3]

After an initial review under 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on Eighth Amendment claims of medical indifference against Defendants Dukate and Wagner in their individual capacities, but all other claims were dismissed without prejudice.[4] The Court afforded Plaintiff two options: (1)  proceed on his claims consistent with the Court's

---

[1] Plaintiff is now incarcerated at FCI Ashland in Kentucky. *See* ECF No. 40.

[2] Compl., ECF No. 1.

[3] *Id.* at 1.

[4] Initial Rev. Order, ECF No. 20 at 12.

Initial Review Order; or (2) file an amended complaint.[5] Plaintiff was advised to file a notice if he intended to proceed with service on his claims set forth in the Initial Review Order.[6]

On April 14, 2025, Plaintiff filed his notice indicating his intent to proceed on his Eighth Amendment claims against Dukate and Wagner.[7] That same day, he filed a signed amended complaint naming Dukate and Wagner as defendants in the case caption.[8]

On September 30, 2025, Defendant Dukate filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).[9] Plaintiff filed his response on October 20, 2025.[10] Defendant Dukate filed a reply memorandum on November 18, 2025.[11]

On November 20, 2025, Defendant Wagner filed his motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6).[12] Plaintiff filed his response on December 15, 2025.[13]

---

[5] *Id.* Plaintiff was also instructed to comply with Federal Rule of Civil Procedure 11(a) by signing the declaration of the District of Connecticut Prisoner Civil Rights Complaint form. *Id.*

[6] Id.

[7] Notice, ECF No. 22.

[8] Am. Compl., ECF No. 23. Although Plaintiff signed the amended complaint, he failed to include a request for relief. *See id.* 5–7. However, Plaintiff may only seek damages in this action because "by definition, a *Bivens* action is an action for money damages only." *Rodriguez v. Easter*, No. 3:20-CV-1872 (SVN), 2022 WL 356478, at *3 (D. Conn. Feb. 7, 2022)

[9] Dukate Mot. to Dismiss, ECF No. 38. Defendant Dukate certified that Plaintiff was sent the Notice to *Pro Se* Litigant required under Local Rule 12(a). Dukate Notice, ECF No. 38-3.

[10] Resp. to Dukate Mot. to Dismiss, ECF No. 41.

[11] Reply, ECF No. 43.

[12] Wagner Mot. to Dismiss, ECF No. 44. Defendant Wagner certified that Plaintiff was sent the Notice to *Pro Se* Litigant required under Local Rule 12(a). Wagner Notice, ECF No. 45.

[13] Resp. to Wagner Mot. to Dismiss, ECF No. 48.

For the following reasons, the Court grants both motions to dismiss.

## I.    <u>FACTUAL BACKGROUND</u>

For purposes of ruling on the motions to dismiss, the Court considers the facts alleged in the amended complaint to be true. The Court includes only the facts relevant to Plaintiff's Eighth Amendment claims against Dukate and Wagner.

Plaintiff has been in federal custody since 2011.[14] Prior to his federal custody, Plaintiff had two corneal transplants: a transplant for his left cornea in 1999, and a transplant for his right cornea in 2006.[15] Plaintiff arrived at Danbury FCI on December 21, 2021.[16]

In 2021, Plaintiff's optometrist referred him to see ophthalmologist, Dr. Green.[17] Dr. Green updated Plaintiff's medical pass to reflect his recommendation that Plaintiff not be housed with fans. *Id.*

Thereafter, Plaintiff was moved to the A-Unit, which has no fans in the cells. *Id.*

In February 2023, Health Administrator Dukate had Dr. Wagner remove Dr. Green's recommendation in Plaintiff's medical pass, and Plaintiff was then indicated to be an inmate who could be housed anywhere.[18]

On July 3, 2023, Plaintiff was seen by a Yale doctor who again recommended Plaintiff be housed without exposure to fans.[19] In August 2023, Dr. Green updated Plaintiff's medical

---

[14] ECF No. 23 at 4.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 4–5.

pass to reflect the Yale doctor's recommendation.[20] Shortly thereafter, Dukate asked Dr. Wagner to change the recommendation without having seen Plaintiff.[21]

Plaintiff complains that his eyes are constantly dry and very painful as he is now exposed to fans while he sleeps.[22] Plaintiff's eyes are so dry that they are closed shut on certain days, and he experiences pain when he separates the eyelids.[23]

Plaintiff experiences daily pain and deterioration of his vision as a result of being housed in a cell with fans.[24]

## II.    LEGAL STANDARD

### A.    Motion To Dismiss Under Rule 12(b)(1)

A party may move to dismiss a complaint for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When the Rule 12(b)(1) motion is facial, "*i.e.*, one 'based solely on the allegations of the complaint or the complaint and exhibits attached to it,' plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the plaintiffs' pleading." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 57). The pleading must "show[ ] by a preponderance of the evidence that subject

---

[20] *Id*. at 5.

[21] *Id*.

[22] *Id*.

[23] *Id*.

[24] *Id*. Plaintiff also alleges that he did not receive new contact lenses until 2024, after he had last received contacts in 2018. Id.

matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). In ruling on a jurisdictional challenge to the complaint, "a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Id.*

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter*, 822 F.3d at 57. "It is only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision[.]" *Carter*, 822 F.3d at 57. "[T]he plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant" when the defendant's extrinsic evidence exposes factual problems related to jurisdiction. *Id.* "When the extrinsic evidence submitted by the parties does not controvert the material allegations of the complaint, it is not error for the district court to base its ruling solely on the allegations of the complaint[.]" *Harty*, 28 F.4th at 441.

### B.    Motion To Dismiss Under Rule 12(b)(6)

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive dismissal, the pleadings must contain 'enough facts to state a claim to relief that is plausible on its face[.]'" *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss, the Court must accept the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). The Court must then determine whether those allegations "plausibly give rise to an entitlement to relief." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). The Court is not required to accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions[.]" *Rolon v. Henneman*, 517 F.3d 140, 149 (2d. Cir. 2008) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.    **DISCUSSION**

Defendants Dukate and Wagner argue for dismissal of this action for distinct reasons. The Court first address Dukate's motion to dismiss under Rule 12(b)(1).[25]

### A.    **Dukate's Motion to Dismiss Under Rule 12(b)(1)[26]**

Defendant Dukate argues that the Court lacks subject matter jurisdiction over Plaintiff's claim against her due to her immunity as an officer of the United States Public Health Service ("PHS").[27] "Where a defendant is absolutely immune from suit, the court will lack subject matter jurisdiction over the plaintiff's claim against that defendant, rendering the claim subject

---

[25] *See* ECF No. 38.

[26] *Id*.

[27] *Id*. at 1.

to dismissal under Rule 12(b)(1)." *Rivera v. Fed. Bureau of Prisons*, No. 17-CV-5103, 2018 WL 11312146, at *6 (S.D.N.Y. Dec. 14, 2018), *report and recommendation adopted*, 368 F. Supp. 3d 741 (S.D.N.Y. 2019); *see also Laventure v. United Nations*, 279 F. Supp. 3d 394, 398 (E.D.N.Y. 2017)) ("Subject-matter jurisdiction is lacking when defendants are immune from suit."); *Battle v. Recktenwald*, No. 14 CV 2738, 2016 WL 698145, at *8 (S.D.N.Y. Feb. 19, 2016) (dismissing claims against prison physician assistant who was member of PHS for lack of subject matter jurisdiction).

In support of her claim, Dukate submits her declaration.[28] She avers to being stationed as licensed nurse stationed at FCI Danbury and serving as a commissioned United States PHS officer at the time relevant to this action.[29]

Under the Public Health Service Act, 42 U.S.C. § 201 *et seq.*, ("PHSA") a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, is the exclusive remedy for injuries allegedly caused by the acts of omissions of PHS employees acting within the scope of their employment. 42 U.S.C. § 233(a).[30] Thus, a PHS officer—such as Dukate— is entitled to the protections of the FTCA, including "absolute immunity . . . for actions arising

---

[28] Decl. of Dukate, ECF No. 38-2.

[29] *Id*. ¶¶ 1–3.

[30] 42 U.S.C. § 233(a) provides:

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 [i.e., the FTCA] ... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

out of the performance of medical or related functions within the scope of their employment[.]" *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (extending Section 233(a) immunity to *Bivens* claims).

Here, Plaintiff alleges that Dukate acted to have Defendant Wagner remove recommendations by medical providers related to Plaintiff's eye condition.[31] Because Plaintiff challenges Dukate's conduct "arising out of [her] performance of a medical or related function within the scope of her employment" as a licensed nurse, she is entitled to immunity from suit under 42 U.S.C. § 233(a). *See e.g. Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 745 (S.D.N.Y. 2019) ("Mitchell is immune from suit under the PHSA because Mitchell was a PHS employee at the time of the relevant events and Plaintiff's claims arise from Mitchell's alleged performance of functions related to the provision of medical services.").

As a result, the only remedy for the harms Plaintiff alleges in his amended complaint is against the Government—not Dukate—pursuant to the FTCA. *See Garcia-Ryan v. Cmty. Health Project, Inc.,* No. 24-CV-7117, 2026 WL 507411, at *1 (S.D.N.Y. Feb. 24, 2026) (plaintiff's "only remedy for the harms he alleges in his Complaint is against the Government —not the Health Center—pursuant to the Federal Tort Claims Act.") Accordingly, the Court GRANTS Defendant Dukate's motion to dismiss under Rule 12(b)(1).

### B.   Dr. Wagner's Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)[32]

Defendant Wagner seeks dismissal on grounds that Plaintiff cannot proceed for a remedy under *Bivens* against a private medical provider.[33]

---

[31] *See* ECF No. 23 at 4–5.

[32] ECF No. 44.

[33] *Id*. at 1.

Congress has not created a statutory remedy similar to 42 U.S.C. § 1983 for claims against federal officials acting under the color of federal law. *See Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). In *Bivens*, "the Supreme Court 'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). Thus, a claim under *Bivens* is considered a "federal analog to suits brought against state officials under ... 42 U.S.C. § 1983." *Iqbal*, 556 U.S. at 675 (cleaned up).

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

The United States Constitution "regulates only the Government, not private parties[.]" *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Thus, a private medical provider is generally not considered to act "under color of state law," although a private medical provider hired by a state actor to provide medical care to prisoners may be considered to have acted under color of state law. *See Carmona v. Sliya*, No. 3:24-CV-814 (VDO), 2024 WL 3964930, at *3 (D. Conn. Aug. 28, 2024) (citing *West v. Atkins*, 487 U.S. 42, 52 n.10, 57 (1988) (private physician hired by state to provide medical care to prisoners was state actor because doctor was hired to fulfill state's constitutional obligation to attend to necessary medical care of prison inmates)). Nonetheless, the Court agrees that Plaintiff's claim for a *Bivens* remedy against Wagner is not plausible.

9

Not all constitutional violations give rise to a damages remedy under *Bivens*. The Supreme Court has recognized a remedy for damages in three contexts: (1) Fourth Amendment search and seizure suit against federal narcotics officers (*Bivens)*; (2) a Fifth Amendment due process suit against a congressman-employer on the grounds of gender discrimination (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) an Eighth Amendment cruel and unusual punishment suit against federal jailers for failure to provide adequate medical treatment (*Carlson v. Green*, 446 U.S. 14 (1980)). *See Ziglar*, 582 U.S. at 131. "After those decisions, however, the Court changed course," and has "consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 589 U.S. 93, 99, 102 (2020); *see Egbert v. Boule*, 596 U.S. 482, 502 (2022) ("[I]f we were called to decide *Bivens* today, we would decline to discover any implied causes of action in the Constitution.").

To determine whether a plaintiff's claim may proceed under *Bivens*, the court conducts a two-step analysis. *Egbert*, 596 U.S. at 492. First the court asks, "whether the case presents a new *Bivens* Context—*i.e.*, is it meaningfully different from the three cases in which the Court has implied a damages action." *Id*. (cleaned up). Second, where the "claim arises in a new context a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" Id. (quoting *Ziglar*, 582 U.S., at 136). If, the Court in its analysis, finds "there is even a single 'reason to pause before applying Bivens in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez*, 589 U.S., at 108).

With respect to the first step, the Supreme Court has counseled that "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez*, 589 U.S. at 103.

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Ziglar*, 582 U.S. at 139–40.

Second, if the case presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 136). Further, if "Congress has created 'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Ziglar*, 582 U.S. at 137 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)) (alteration in original).

In *Egbert*, the Supreme Court observed that the two-part test "often resolve[s] to a single question" of "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 483. The Supreme Court instructed that "a plaintiff cannot justify a *Bivens* extension based on 'parallel circumstances' with *Bivens, Passman*, or *Carlson* . . . unless [the plaintiff] also satisfies the 'analytic framework'

11

prescribed by the last four decades of intervening case law." *Id.* at 484–85 (quoting *Ziglar*, 582 U.S. at 139).

Plaintiff's Eighth Amendment claim against a private medical provider or—in this instance, a private optometrist—who provided medical services to BOP inmates "differ[s] in a meaningful way" from the context of the *Bivens* remedy for Eighth Amendment violation recognized in *Carlson*. *Ziglar*, 582 U.S. at 139-40. Thus, the Court has "reason to pause before applying *Bivens*" in this new context. *Egbert*, 596 U.S. at 492 (quoting *Hernandez*, U.S. at 102).

The Supreme Court has previously declined to extend a *Bivens* remedy to federal prisoners against a private entity or employees of a private entity. *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (no *Bivens* remedy against employees of a private entity working at a prison for alleged Eighth Amendment violations); *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 69–70 (2001) (holding no *Bivens* remedy available for a prisoner's claim against a private company operating a federal prison). In *Minneci*, the Supreme Court noted the existence of state tort remedies constitutes a "convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."534 U.S. at 132 (quoting *Wilkie*, 551 U.S. at 550). As the *Minneci* plaintiff's Eighth Amendment claim "focuse[d] upon a kind of conduct that typically falls within the scope of traditional state tort law" against "a privately employed defendant," the Supreme Court reasoned that "state tort law provide[d] an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Minneci*, 565 U.S. at 125; *see also id.* at 131 ("where … conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.").

Plaintiff's complaint about Wagner's alleged indifference to his medical needs may be remedied under state tort law. The Court concludes Supreme Court precedent forecloses the *Bivens* remedy for Plaintiff's Eighth Amendment claim against Wagner. The Court grants Wagner's motion to dismiss.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS both motions to dismiss (ECF Nos. 38, 44).  The Clerk is kindly instructed to close this case.

**SO ORDERED.**

Hartford, Connecticut
April 10, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge